BRIAN PFALZGRAF,

 *Plaintiff,*

 *v.*

RUSK COUNTY AND BEN REISNER,     Case No: 3:23-cv-877

 *Defendants.*

## COMPLAINT

Plaintiff Brian Pfalzgraf by his attorneys, Strang Bradley, LLC, for his complaint against Defendant, states:

## INTRODUCTION

1. This is a lawsuit for money damages brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Brian Pfalzgraf's constitutional right to be free from unreasonable search and seizure in violation of the Fourth Amendment of the United States Constitution.

2. On January 26, 2021, Rusk County Sheriff's Office Deputy Ben Reisner illegally searched Mr. Pfalzgraf without a warrant or any valid exception to the warrant requirement.

3. Plaintiff seeks actual or compensatory damages against Defendant, and because he acted recklessly and with callous indifference to the federally protected rights of

Plaintiff, punitive damages, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable.

## JURISDICTION AND VENUE

4. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

5. This Court has jurisdiction over federal claims under 28 U.S.C. § 1331 and the state law claim for indemnification under 28 U.S.C. § 1367.

6. Venue is proper under 28 U.S.C. § 1391(b). Defendant Rusk County is a political subdivision of the state of Wisconsin located within this judicial district. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

7. Plaintiff Brian Pfalzgraf is an adult resident of the state of Wisconsin and the County of Rusk.

8. Defendant Rusk County is a political subdivision of the State of Wisconsin and was the employer of individual Defendant Ben Reisner at the time of the occurrences giving rise to this lawsuit and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment under WIS. STAT. § 895.46.

9. Defendant Rusk County is sued as an indemnitor.

10. Defendant Ben Reisner was, at the time of this occurrence, employed as a Deputy in the Rusk County Sheriff's Office. At all times relevant to this action, Defendant

2

Reisner engaged in the conduct complained of while he was a duly appointed and sworn Deputy.

11.     At all times relevant to this action, Defendant Reisner was acting under color of state and local law.

12.     At all times relevant to this action, Defendant Reisner engaged in the conduct complained of within the scope of his employment with Rusk County.

13.     Defendant Reisner is sued in his individual capacity.

**FACTS**

14.     On January 26, 2021, at about 12:30 a.m., Plaintiff Brian Pfalzgraf was driving his truck, when Defendant Deputy Ben Reisner activated the emergency lights and siren of his squad car and conducted a traffic stop of the vehicle.

15.     Defendant Reisner told Pfalzgraf that the reason he pulled him over was because he had snow covering his license plate.

16.     Defendant Reisner took Plaintiff Pfalzgraf's driver's license, ran it through dispatch, and confirmed it was valid.

17.     Instead of writing Pfalzgraf a ticket for his license plate being covered with snow (or giving him a warning), Reisner unlawfully extended the traffic stop and ordered Pfalzgraf to get out of his truck.

18.     Defendant Reisner performed a frisk search of Plaintiff without any reasonable suspicion to believe that he was armed or dangerous.

19.     Defendant Reisner performed a search of the exterior of Plaintiff's truck with a police K9.

20. Defendant Reisner told Plaintiff that the police K9 indicated that there were drugs in Plaintiff's truck and subsequently searched Plaintiff's truck.

21. Defendant Reisner did not find anything illegal inside Plaintiff's truck.

22. Defendant Reisner then returned to Plaintiff and told Plaintiff that he was going to check Plaintiff's pockets and proceeded to search Plaintiff.

23. As a result of what Defendant Reisner found when he searched Plaintiff, Pfalzgraf was arrested and criminally charged in Rusk County Circuit Court Case Number 2021CF000056.

24. In Rusk County Circuit Court Case Number 2021CF000056, Pfalzgraf's criminal defense attorney filed a Motion to Suppress alleging that Defendant Reisner illegally searched Pfalzgraf.

25. After conducting an evidentiary motion hearing, the judge in Rusk County Circuit Court Case Number 2021CF000056 ruled that Defendant Reisner illegally searched Plaintiff in violation of his constitutional rights.

26. The government then moved to dismiss the entire case against Plaintiff.

27. As a direct and proximate result of the acts of Defendant, as detailed above, Plaintiff has suffered, *inter alia*, a violation of his privacy, emotional suffering, mental distress, humiliation, loss of liberty, and incurred expenses.

### COUNT I:
### 42 U.S.C. § 1983 Claim for Unlawful Search/Illegal Pat Down

28. Plaintiff realleges the above paragraphs.

29. Defendant Reisner searched Plaintiff by patting him down. Plaintiff did not consent and Reisner did not have reasonable suspicion to believe that Plaintiff was armed and dangerous.

30. The actions of Defendant Reisner in searching Plaintiff without a warrant and without any other permissible lawful reason to do so violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure, and thus violated 42 U.S.C. § 1983.

31. The aforementioned actions of Defendant Reisner were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries and damages set forth above.

WHEREFORE, under 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendant Reisner; and because he acted maliciously, wantonly, or oppressively, punitive damages; the costs of this action, attorneys' fees; and such other and further relief that the Court deems just and equitable. Additionally, Plaintiff asks this Court to find that Rusk County is liable to satisfy any judgment entered against Defendant Reisner, by virtue of WIS. STAT. § 895.46.

**COUNT II:**
**42 U.S.C. § 1983 Claim for Illegal Seizure for Extending Traffic Stop**

32. Plaintiff realleges the above paragraphs.

33. Defendant Reisner unlawfully extended the seizure of Plaintiff by deviating from his original mission of issuing a simple traffic ticket to embark on a meandering fishing expedition that only concluded after Reisner illegally searched Plaintiff.

34. Defendant Reisner thus violated Plaintiff's Fourth Amendment rights to be free from unreasonable seizure.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendant Reisner; and because he acted maliciously, wantonly, or oppressively, punitive damages; the costs of this action, attorneys' fees; and such other and further relief that the Court deems just and equitable. Additionally, Plaintiff asks this Court to find that Rusk County is liable to satisfy any judgment entered against Defendant Reisner, by virtue of WIS. STAT. § 895.46.

### COUNT III:
### 42 U.S.C. § 1983 Claim for Unlawful Search of Person

35. Plaintiff realleges the above paragraphs.

36. Defendant Reisner searched Plaintiff by putting his hands in Plaintiff's pockets. The search was unlawful because Plaintiff did not consent and Reisner did not have probable cause or a warrant to search Plaintiff's person.

37. The search of Plaintiff's person was not done incident to arrest.

38. The actions of Defendant Reisner in searching Plaintiff, without a warrant, and without any other permissible lawful reason to do so, violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure, and thus violated 42 U.S.C. § 1983.

39. The aforementioned actions of Defendant Reisner were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries and damages set forth above.

WHEREFORE, under 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendant Reisner; and because he acted maliciously, wantonly, or oppressively, punitive damages; the costs of this action, attorneys' fees; and such other

and further relief that the Court deems just and equitable. Additionally, Plaintiff asks this Court to find that Rusk County is liable to satisfy any judgment entered against Defendant Reisner, by virtue of WIS. STAT. § 895.46.

## JURY DEMAND

Plaintiff hereby demands a trial by jury, under FED. R. CIV. PRO. 38(b), on all issues so triable.

Respectfully submitted,

Dated: December 20, 2023

/s/ James Odell
John H. Bradley
  Wisconsin Bar No. 1053124
R. Rick Resch
  Wisconsin Bar No. 1117722
James Odell
  Wisconsin Bar No. 1131587
STRANG BRADLEY, LLC
613 Williamson Street, Suite 204
Madison, Wisconsin 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com
James@StrangBradley.com

Attorneys for Plaintiff