IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN PFALZGRAF,

                Plaintiff,

v.

BEN REISNER and RUSK COUNTY,

                Defendants.

OPINION and ORDER

23-cv-877-jdp

---

    This case concerns a traffic stop that ended in defendant Deputy Ben Reisner arresting plaintiff Brian Pfalzgraf for possession of methamphetamine and operating a vehicle under the influence of a controlled substance. The court granted partial summary judgment to Pfalzgraf on his Fourth Amendment claims that Reisner illegally extended the traffic stop to investigate other crime and that Reisner illegally frisked him for weapons. Pfalzgraf voluntarily dismissed his remaining claim, so the only issue remaining to be decided at trial is damages. The case is scheduled for a final pretrial conference on May 21, 2024. This opinion addresses the parties' motions in limine and objections to exhibits.

ANALYSIS

A. Pfalzgraf's motions in limine

    1. Motion No. 1: exclude evidence and argument about whether Reisner had reasonable suspicion to extend the stop and frisk Pfalzgraf

    Pfalzgraf asks the court to prohibit Reisner from offering evidence or argument that his actions were reasonable because the court held that Reisner did not have reasonable suspicion to extend the stop or frisk him for weapons. Pfalzgraf concedes that evidence of Reisner's intent and subjective beliefs are relevant to his claim for punitive damages. Nevertheless, he contends

that Reisner should be precluded from offering the following testimony or argument: (1) he believed he had reasonable suspicion; (2) his actions were reasonable under the circumstances; (3) Reisner was just doing his job; (4) Reisner was doing what he was trained to do; (5) Pfalzgraf was comparatively at fault; or (6) anything similar.

As both parties acknowledge in their motions in limine and responses, Reisner's liability for Fourth Amendment violations has been established. This trial is not about whether Reisner's actions were reasonable or lawful. The court will not allow Reisner to argue or imply that the extension of the traffic stop or frisk was reasonable. But the parties agree that Reisner's state of mind is relevant to whether he recklessly disregarded Pfalzgraf's rights. So he will be allowed to testify about his subjective beliefs during the traffic stop.

The court will deny the motion. Reisner may not offer evidence or argument that contradicts the court's rulings. But Reisner may offer evidence about why he acted in the manner he did, including that he suspected Pfalzgraf of a potential drug crime.

2. **Motion No. 2: exclude evidence discovered after the K-9 search of Pfalzgraf's truck**

Pfalzgraf moves to exclude evidence that (1) K-9 Boone hit on Pfalzgraf's truck, (2) Reisner discovered methamphetamine on Pfalzgraf's person, and (3) Pfalzgraf tested positive for methamphetamine. Pfalzgraf concedes that Reisner had probable cause to continue the stop after Boone hit on Pfalzgraf's truck and that he is not entitled to damages after that point. Pfalzgraf contends that evidence concerning the subsequent search of Pfalzgraf's person, arrest, and blood test is irrelevant to his request for damages, would be unfairly prejudicial to Pfalzgraf, and could confuse the jury about the scope of damages. Pfalzgraf proposes that the

stopping point for evidence introduced at trial should be 14:42 on Reisner's body camera video and requests that any references to drugs in the police report from the incident be redacted.

Reisner opposes the motion and contends that evidence that Pfalzgraf was under the influence of methamphetamine (1) "is highly relevant to assessing the totality of Plaintiff's claimed humiliation or mental anguish" and (2) is relevant to Pfalzgraf's credibility as a witness. Dkt. 49, at 7. Reisner contends that Pfalzgraf's "conscious decision to break the law by unlawfully purchasing illegal drugs" knowing that he could be stopped and searched "is a factor that should be considered in whether . . . he has sustained humiliation or mental anguish from an unlawfully extended traffic stop or brief frisk." *Id.*, at 8–9.

The parties seem to agree that evidence that Pfalzgraf possessed methamphetamine and was under the influence of methamphetamine during the traffic stop is not directly relevant to the question of compensatory or punitive damages.

But Reisner contends that Pfalzgraf's intoxication is relevant to his credibility and his emotional experience during the prolonged stop. Intoxication is sometimes relevant to a witness's credibility. *United States v. Gallardo*, 497 F.3d 727, 733 (7th Cir. 2007). But evidence of illegal drug use is highly prejudicial. It "may so prejudice the jury that it will excessively discount the witness' testimony," so courts must consider whether the witness's "memory or mental capacity is not legitimately at issue and the evidence is offered solely as a general character attack." *Id.* (quoting *United States v. Mojica*, 185 F.3d 780, 788–89 (7th Cir.1999)).

Here, Reisner offers no evidence to show that Pfalzgraf's memory or mental capacity is legitimately at issue. Pfalzgraf tested positive for methamphetamine shortly after his arrest. But the meaning of Pfalzgraf's blood test results and the effect of methamphetamine on memory is specialized knowledge outside the scope of lay experience. Pfalzgraf does not appear to be

3

intoxicated in the body camera video of the traffic stop, and Reisner does not offer any expert testimony about whether his memory was affected by drug use. In the absence of any admissible evidence of how Pfalzgraf's drug use affected his memory or experience, any suggestion that his methamphetamine use affected his memory or experience is entirely speculative. And even if it had some probative value, that value is substantially outweighed by the risk of unfair prejudice.

The court will grant the motion and exclude evidence of the events after 14:42 on the body camera video, including evidence that Reisner found methamphetamine on Pfalzgraf and evidence that his blood tested positive for methamphetamine.

**3. Motion No. 3: exclude evidence that Reisner had previously seen Pfalzgraf's truck at a residence known to be associated with drug trafficking**

Pfalzgraf moves to exclude testimony or argument from Reisner about recognizing Pfalzgraf's truck in connection with drug trafficking. Pfalzgraf contends that any probative value of such evidence is substantially outweighed by the risk of unfair prejudice to Pfalzgraf, because the jury will speculate that he is a drug user and decline to award damages based on a concern that he would use the money to purchase drugs.

Reisner contends that this evidence is relevant to Pfalzgraf's punitive damages request because what he knew at the time of the traffic stop goes to whether he acted maliciously or with reckless disregard for Pfalzgraf's rights.

The court is inclined to grant the motion for the reasons discussed in its summary judgment order. When he was deposed in this case, Reisner asserted that he recognized Pfalzgraf's truck at the time he pulled him over. But Reisner did not mention that he recognized the truck during the traffic stop or in his incident report from that night. So there is no

4

contemporaneous evidence to corroborate Reisner's assertion that his recognition of the truck supported his subjective belief during the traffic stop. And any testimony that Pfalzgraf's truck was associated with drug trafficking would be highly prejudicial to Pfalzgraf because it would suggest that he uses or sells illegal drugs. But the court will reserve ruling on this motion until hearing the parties arguments at the final pretrial confernce.

4. **Motion No. 4: preclude character evidence, evidence of wrongdoing, or other acts without leave from the court**

The motion is granted as unopposed.

5. **Motion No. 5: preclude reference to the job of police officer being dangerous**

The motion is granted as unopposed.

6. **Motion No. 6: preclude reference to the jury as taxpayers**

The motion is granted as unopposed. The parties should not discuss that a damages award in this case would be paid with taxpayer money.

B. **Reisner's motions in limine**

1. **Motion No. 1: exclude argument that the second search of Pfalzgraf's person was unlawful**

The motion is granted as unopposed.

2. **Motion No. 2: to allow evidence and argument that Pfalzgraf's was arrested for possession of methamphetamine**

This motion is essentially hypothetical. Reisner contends that, if Pfalzgraf claims that he was arrested as a result of the wrongfully extended stop and frisk, then the court should allow Reisner to introduce evidence that Pfalzgraf was ultimately arrested for possession of methamphetamine. Pfalzgraf responds that he won't go there: his request for damages is limited

to the loss of liberty between Reisner completing the traffic stop and K-9 Boone alerting to his vehicle.

The court will grant the motion, but it will come into play only if Pfalzgraf claims he suffered a loss of liberty after the K-9 alert.

## C. Exhibits

Pfalzgraf objects to five of the six exhibits on Reisner's exhibit list.[1]

Exhibit numbers 501 and 503 are Reisner's incident report from Pfalzgraf's traffic stop and the arrest report. Pfalzgraf contends that the exhibits should be excluded under Rule 403 because they contain irrelevant information that is highly prejudicial to Pfalzgraf and that any relevant information in the incident report can be introduced through the body camera video and Reisner's testimony. Pfalzgraf also objects that both exhibits are inadmissible hearsay.

The court will exclude these exhibits. The entirety of the arrest report and portions of the incident report contain information about the search of Pfalzgraf's person and his arrest that is excluded under the court's ruling on Pfalzgraf's motion in limine No. 2. And this court generally prohibits the admission of police reports because they are hearsay. To be clear, Reisner may use his incident report to refresh his recollection, if necessary, and Pfalzgraf may introduce portions of the incident report as statements of a party opponent, subject to the evidence excluded under the court's ruling on Pfalzgraf's motion in limine No. 2

Exhibit number 504 is Pfalzgraf's written discovery responses. Pfalzgraf objects that most of the responses are irrelevant because they relate to issues that were decided in the court's

---

[1] Reisner's exhibit list is numbers his exhibits one through six, but the court's procedure for trial exhibits specifies that defendant should use exhibit numbers 501 and up. Dkt. 9 (Attachment at 14). The court will use the numbering convention specified in those instructions and refer to Reisner's exhibits as numbers 501 through 506.

6

summary judgment order or the claim that Pfalzgraf voluntarily dismissed. The court agrees that most of this exhibit appears to be irrelevant and some of the responses concern information that is excluded under the court's rulings on the motions in limine. Reisner should be prepared to discuss what portions, if any, of this exhibit he intends to offer at trial and the purpose for which he intends to offer it.

Exhibit number 505 is described as "Documents produced by Plaintiff PFALZGRAF 001-031" and appears to be numerous individual exhibits related to separate proceedings in which Pfalzgraf was involved compiled into one mass exhibit. Pfalzgraf objects to the form of the exhibit and that all the documents contained in this exhibit are irrelevant.

Submitting a large collection of documents as one mass exhibit is unfair to the opposing side and can cause confusion during trial. It is unfair because it does not provide notice of which documents the party intends to offer into evidence. It creates confusion at trial because the document that is submitted to the jury is not in the same form as it was presented on the exhibit list, requiring last minute renumbering of the exhibit and creating an opportunity for mistakes. For these reasons, the court will require Reisner to separate exhibit number 505 into smaller exhibits in the same form that he intends to offer them at trial. Reisner should be prepared to explain the relevance of any of the individual exhibits that he intends to offer at trial.

Exhibit number 506 is a laboratory report with the results from Pfalzgraf's blood test. The court will exclude this exhibit as inadmissible hearsay and as unfairly prejudicial under Rule 403 for the reasons discussed in the analysis of Pfalzgraf's motion in limine No. 2.

ORDER

IT IS ORDERED that:

1. The court rules on plaintiff Brian Pfalzgraf's motions in limine as follows:

    a. Motion in limine no. 1, regarding evidence and argument that Reisner had reasonable suspicion to extend the traffic stop and frisk Pfalzgraf, is DENIED. Reisner may testify about why he chose to extend the stop and frisk Pfalzgraf, but he may not offer testimony or argument that challenges the court's ruling that the extension of the stop and the frisk were illegal.

    b. Motion in limine no. 2, regarding evidence of the K-9 alert to Pfalzgraf's truck and subsequent events during the traffic stop, is GRANTED.

    c. The court will defer ruling on motion in limine no. 3, regarding evidence that Reisner had seen Pfalzgraf's truck at a residence known to be involved in drug trafficking.

    d. Motions in limine nos. 4, 5, and 6, regarding character evidence, reference to the dangers of being a police officer, and damages being paid by taxpayer funds, are GRANTED as unopposed.

2. The court rules on defendant Ben Reisner's motions in limine as follows:

    a. Motion in limine no. 1, concerning argument that the second search of Pfalzgraf's person was unlawful, is GRANTED as unopposed.

    b. Motion in limine no. 2, concerning argument that Reisner's violations of Pfalzgraf's constitutional right caused a loss of liberty, is GRANTED. If Pfalzgraf claims he suffered a loss of liberty after the K-9 alert, Reisner may argue that Pfalzgraf's loss of liberty was caused by his arrest.

3. The court rules on plaintiff's objections to defendant's exhibits as follows:

    a. Exhibit numbers 501, 503, and 506 are excluded.

    b. The court reserves ruling on the admissibility of exhibit number 504.

4. The parties may have until May 20 at 4:30 pm to resubmit their exhibits and exhibit lists in the form they intend to offer them at trial.

Entered May 19, 2025.

                                                  BY THE COURT:

                                                  /s/

                                                _____
                                                JAMES D. PETERSON
                                                District Judge