## UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

Pfalzgraf,

      Plaintiff,

   v.                                      Case No. 23-CV-877

Rusk County, et al.,

      Defendant.

## DECLARATION OF ANDREA J. FARRELL

I, Andrea J. Farrell, under penalty of perjury pursuant to 28 U.S.C. § 1746, do declare as follows:

1.     I am a licensed attorney practicing as an associate of The Jeff Scott Olson Law Firm, S.C., in Waunakee, Wisconsin. I am admitted to practice before the Supreme Court of the State of Wisconsin, before the United States District Courts of both the Eastern and Western Districts of Wisconsin, and before the Seventh Circuit Court of Appeals. I graduated *cum laude* from Illinois State University with a Bachelor of Science degree in psychology with an emphasis in math/statistics in 2000. I graduated from the University of Wisconsin Law School and began the private practice of law in 2007. As a licensed attorney, I have practiced exclusively in The Jeff Scott Olson Law Firm, S.C., with the majority of my work focusing on the litigation of constitutional and employment law cases on behalf of the Plaintiff, and I particularly seek cases involving animal welfare.

1

2.      I was honored by the Wisconsin Law Journal as a *2010 Up & Coming Attorney* and a *2015 Leader in the Law*, and was honored by The National Trial Lawyers as a *Top 100* civil plaintiff attorney in 2020.

3.      I make it my regular practice to stay abreast of legal issues relative to reasonable rates and attorney fee awards in Wisconsin for civil rights and employment cases, since the majority of my cases involve fee-shifting statutory schemes.  In 2012, I gave a CLE presentation at the Nuts and Bolts of Civil Rights Practice on the issue of securing attorneys' fees in civil rights cases pursuant to fee shifting statutes.  I have also presented on police practices litigation for the Dane County Bar Association, and was the primary author of *There is No Dishonor in the Reasonable Settlement of the Robinson Case*, which appeared in multiple publications, including the Spring, 2017, issue of *The Verdict*.  I have served the on the Board of Directors for the Labor & Employment Committee since 2021, and am the current immediate past Chair.  I will begin a three year term on July 1, 2025, on the Board of Directors for the Wisconsin State Bar Civil Rights & Liberties Section.

4.      At the administrative level, I have successfully litigated dozens of employment cases in the Wisconsin Equal Rights Division, the Equal Opportunities Commission, and the Madison Equal Opportunities Division.  I have achieved resolution for numerous government employees through disciplinary proceedings and/or negotiated employment separations in an administrative setting, and represented numerous private employees through negotiation of severance packages.  Moreover, in partnership with Foundation for Individual Rights and Expression, I represent public university employees internally when faced with discipline for free speech activities.

5.     The following list of federal court cases in which I was lead counsel provides

a sampling of constitutional cases of particular interest which were resolved in my client's

favor by jury award, judicial order, or through settlement:

- *Barken v. Sarenac, et al.*, Case No., 22cv783, Eastern District of Wisconsin.  Secured liability decision on summary judgment in 42 USC §1983 case alleging Fourth Amendment false arrest followed by several hours of detention, and secured $385,000 settlement.

- *Gummow v. City of South Beloit*, 22cv50433, Northern District of Illinois.  Secured settlement in 42 USC § 1983 case alleging Fourth Amendment unlawful warrantless home arrest.

- *Garcia v. Janesville, et al.*, Case No. 23cv212, Western District of Wisconsin. Secured six figure settlement in 42 USC §1983 case alleging Fourth Amendment unlawful home entry by police and excessive force.

- *Bailey v. Langlade County, et al.*, Case No. 22cv1272, Eastern District of Wisconsin. Secured settlement in 42 USC § 1983 case alleging Fourth Amendment unlawful home entry by police, and First Amendment retaliatory arrest.

- *Podschweit v. Gordon*, Case No. 21cv0315, Western District of Wisconsin. Secured settlement in 42 USC § 1983 case alleging Fourth Amendment unreasonably tight handcuffing.

- *Alexander v. Wisconsin Department of Children and Family Services, et al.*, Case No. 18cv01744, Eastern District of Wisconsin.  Secured six-figure settlement for employee in case alleging violations of Title VII, First and Fourteenth Amendments, and political affiliation discrimination, with respect to employment.

- *Harmon, et al. v. City of Racine, et al.*, Case No. 18cv209, Eastern District of Wisconsin.  Secured settlement in litigation brought under 42 USC § 1983 alleging that the shooting of the family dog on warrant execution was a violation of the Fourth Amendment.  Shortly thereafter, secured $270,000 settlement for two additional persons whose dogs were shot by Racine police.

- *Estate of DiPiazza v. City of Madison, et al.*, Case No. 16cv060, Western District of Wisconsin, Judgment dated July 17, 2017.  Obtained $7 million jury verdict consisting of $4 million compensatory and $3 million punitive damages against two officers for the unreasonable use of deadly force on a potentially suicidal

3

woman holding a gun to her head.

- *Flint v. City of Milwaukee, et al.*, Case No. 14cv333, Eastern District of Wisconsin. Obtained $52,500 settlement for client whose two dogs were shot and killed by police during the execution of a search warrant at her apartment.

- *Estate of Heenan v. City of Madison, et al.*, Case No. 13cv606, Western District of Wisconsin. Survived summary judgment on the basis of individual officer liability for unreasonable use of deadly force and on the basis of municipal liability for deliberate indifference in supervision of the officer. Settled for $2.3 million in the midst of the defendant officer's qualified immunity appeal.

- *Farr v. Paikowski, et al.*, Case No. 11cv789, Eastern District of Wisconsin. Obtained summary judgment in Plaintiff's favor on issue of unlawful 2.5 hour detention when officers had no interest in booking/charging and took no steps incident to arrest, but simply wanted to question Plaintiff.

- *Tragoszanos v. City of Algoma, et al.*, Case No. 09cv1028, Western District of Wisconsin, Judgment dated September 29, 2011. Jury verdict in an excessive force case where Plaintiff suffered a fractured jaw. Officer testified he had to escort Plaintiff to the ground after Plaintiff kicked officer during arrest for participation in an alleged knife fight.

- *Hirschfield v. Vernon County, et al.*, Case No. 11cv30, Western District of Wisconsin, Judgment dated April 6, 2011. State created danger and failure to train claims.

6. I have also defended and contributed to the defense of criminal defendants on constitutional grounds. Additionally, I have litigated constitutional and animal welfare cases in state court, a sampling of which is as follows:

- *Lynn v. Hastings Insurance Co., et al.*, Case No. 2025cv000090, Green County Circuit Court. Secured $75,000 settlement for horse owner after botched impromptu surgery by veterinarian.

- *Mack v. Board of Public Health Madison Dane County*, Case No. 15cv002410, Dane County Circuit Court. Appointed by court to represent indigent petitioner in appealing a dangerous animal determination under MGO Sec. 25.22(10) and an order that petitioner's dog be euthanized. Through in-depth investigation and records review, information surfaced

4

suggesting that the original allegations of dog bites were fabricated in cahoots with the Board in an effort to remove this homeless, disabled man's service dog from him.  After briefing on this issue, dog was released from death row and returned to petitioner.

- *Alliance for Animals, et al., v. Dane County*, Case No. 11cv5056, Dane County Circuit Court.  Action under 42 U.S.C. § 1983 for the violation of the First Amendment by way of issuing disorderly conduct citations to peaceful circus protesters at the Alliant Energy Center.

- *Petition in the Matter of Alliance for Animals and People for the Ethical Treatment of Animals*, Dane County Circuit Court Case No. 10cv1398. Securing judicial order appointing special prosecutor with authority to investigate and charge named individuals associated with the University of Wisconsin for violating Wisconsin's decompression statute when University lab sheep were killed by means of decompression.

7.   My current hourly rate is $550 per hour.  It is a rate set by The Jeff Scott Olson Law Firm, S. C., and it was a rate that individual clients as well as corporate clients are willing to pay me on an hourly basis.  My 2024 hourly rate was $525, and was stipulated to be reasonable by the Wisconsin Department of Transportation in an ERD case alleging disability and race discrimination, and subsequently awarded to me by the ERD in *Hunter v. State of Wisconsin Department of Transportation*, ERD Case No. CR201901674 & CR202000683 (ordering $144,064.22 in attorney fees through an ERD hearing.)

8.   My hourly rate in 2023 and 2022 was $500 per hour, $495 in 2021, $485 in 2020,  $460 in 2019, and $445 in 2018, and these rates were routinely paid to me by individual and corporate clients.  My 2017 rate was $415 per hour, and the rate paid to me by the Wisconsin Department of Justice in *Axelson v. Norman, et al.*, Case No. 17cv375, Western District of Wisconsin.  It is also a rate that was stipulated to be reasonable by the

5

law firm representing the City of Madison in *DiPiazza v. City of Madison, et al.*, Case No. 16cv060, Western District of Wisconsin (Dkt. 293).  My 2016 rate was $375 per hour.  My 2015 rate was $350 per hour, and it was a rate awarded to me in *Six Star Holdings, LLC, et al. v. City of Milwaukee*, Case No. 10cv0893, Eastern District of Wisconsin. My 2014 rate was $330 per hour.  My 2013 rate was $315 per hour.  My 2012 rate was $300 per hour, and it was the rate awarded to me in *Matthew Gary v. John McHugh*, EEOC No. 443-2011-00128X. My 2011 rate was $275 and it was the rate awarded to me by the Western District of Wisconsin in *Hirschfield, Joe v. Vernon County, et al.*, Case No. 3:11-cv-30.  My 2010 rate was $225, and it was a rate paid to me by at least two defense firms after I was awarded costs for filing federal discovery motions in an excessive force case, *Tragoszanos v. City of Algoma, et al.*, Eastern District of Wisconsin Case No. 09cv1028, and a class of one equal protection case, *Hegwood, et al. v. City of Eau Claire, et al.*, Western District of Wisconsin, Case No. 09cv350.  My 2009 rate of $175 was the rate awarded to me in *Krzos v. Missoula Mac*, ERD Case No. CR200604159 (Wisconsin Equal Rights Division, April 30, 2009) and *Pagel v. Wood County Lodging, et al.*, ERD Case CR200702929 (Wisconsin Equal Rights Division, Amended Decision and Order October 6, 2009).  My rate in 2008 was $150, and my rate in 2007 was $130.

9.  I am familiar with the rates charged by my firm for other members as well.  Attorney Jeff Scott Olson's regular hourly rate was, in 2014, $550 per hour, and it was raised by the firm in incremental steps every year, to his current 2025 rate of $825 per hour.  My firm billed out $150 per hour for clerks and paralegals in 2014, with incremental increases every year to the current rate of $220 per hour.

6

10. I understand that Attorney John Bradley, with 15 years' experience, bills out at a rate of $465 per hour.  Based on my professional experience and knowledge of the Wisconsin market, it is my professional opinion that Attorney Bradley's hourly rate is consistent with the low-end of the reasonable market rate for plaintiff-side civil rights for an attorney with his experience, reputation, and skill.  It is my professional opinion that Attorney Bradley could command $500 per hour or more given his skill and reputation.

11. It has been further represented to me that Strang Bradley bills out at varying rates for attorneys based largely on experience and past success.

a. It has been represented to me that Attorney James Odell, who has been in practice for 12 years, is billed out at $450 per hour.  It is my professional opinion that this is consistent with the reasonable market rate for a civil rights attorney with Odell's experience, reputation, and skill.

b. It has been represented to that Attorney Rick Resch, who has been in practice for six years, bills out at $410 per hour. It is my professional opinion that this is consistent with the high-end of the reasonable market rate for a civil rights attorney with Resch's experience, however, it is still reasonable in consideration of Resch's skill.

c. It has been represented to that Attorney William Grau, who has been in practice for six years, bills out at $390 per hour. It is my

professional opinion that this is consistent with the reasonable market rate for a civil rights attorney with Grau's experience, reputation, and skill.

12. It has been represented to me that Strang Bradley bills out for paralegals at $190 per hour.  It is my professional opinion that this is consistent with the low-end of the reasonable market rate for a plaintiff's side civil rights paralegal.

13. I have reviewed the April 11, 2025, Summary Judgment decision in this case, as well as Strang Bradley's lodestar and tabulation of unbilled hours, showing great restraint and billing judgment.

14. Strang Bradley has billed approximately 183 hours for this case, through a successful motion for summary judgment, a successful opposition to defendant's motion for summary judgment, and culminating in a successful jury verdict.  It is my professional opinion that this is a very reasonable number of hours to spend on a civil rights case through a jury trial, even recognizing that the trial was simplified through resolution of the legal issues on summary judgment.  It appears that approximately 1/3 of this time was spent leading up to the summary judgement order, and 2/3 of this time was spent between the order on summary judgment and trial.

15. I see that approximately 40-45 hours were spent on summary judgement, which is typically what I see in practice for civil rights cases with simpler issues and few disputed facts.  More complex constitutional issues can reasonably and typically take up to 120 hours to research and brief on summary judgment, including developing the factual record through creating and responding to proposed findings of fact.

8

16. It appears that some of the hours plaintiff had to expend defending his case were born from the defendant's unreasonableness.  For example, Judge Peterson noted in his April 11, 2025, Order, that defendant made contentions "unsupported by evidence," and contrary to his testimony during his deposition. (Dkt. 32, p. 7-8; *see also* p. 12 (defendant's argument unsupported and inconsistent with video).)  In my experience and based on information I have gathered from other practitioners, when a defendant makes unsupported arguments and misrepresents the record, it predictably forces the plaintiff to expend significantly greater hours prosecuting the case, at no fault of the plaintiff.

17. I see that roughly 120 hours were spent after the decision and order for summary judgment was issued, finding that the defendant violated plaintiff's Fourth Amendment rights as a matter of law by extending the stop and conducting an illegal frisk.  (Dkt. 32, pp. 14, 17.) Though Judge Peterson resolved most of the legal issues on summary judgment, there was still a hotly contested trial.  In my professional experience, it was extremely efficient of the Strang Bradley team to conduct all pre-trial work, including but not limited to efforts to settle the case, compiling Rule 26 disclosures, drafting and responding to motions in limine, and developing exhibit and witness preparation, crafting arguments, and conducting the trial, in the 120 hours billed.

18. To provide context and clarification and support for my ultimate conclusion, for comparison, I offer the following to exemplify just how efficient Strang Bradley was in successfully litigating this case:

9

- I litigated *Hirshfield v. Wisconsin County Mutual Insurance Corporation, et al.*, Case No. 11cv30, in the Western District of Wisconsin, where the plaintiff accepted a Rule 68 Offer of Judgment very early on in litigation - shortly after the filing the Complaint. This Court found the approximately 50 hours the plaintiff's firm billed through filing the Complaint, and found my firm's 2011 rates of $475 for Attorney Olson and $275 for myself to be reasonable, for a total reasonable fee award of $19,516.75 (which, to my calculations, in 2025 dollars would be equivalent to approximately $27,891.75).

- Just last year, a Wisconsin Department of Workforce Development Administrative Law Judge awarded me $144,064.22 in attorneys fees in a case where we achieved partial success (proving failure to accommodate but not race discrimination), and where my client was awarded zero in damages (as the remedy was an order to provide disability accommodations), after a hearing. This amount awarded reflected compensation for over 200 hours through an administrative hearing at $525 per hour.

- I attach two recent decisions from other jurisdictions showing that in complex, high-damages civil rights cases, attorneys commanding high hourly rates (and excepted to, in turn, be more efficient) reasonably spend close to 2,000 hours through a successful trial. *See* Exhibit A, June 4, 2025, fee decision and order in *Dennis v. Strzembski, et al.,* Civil Action 18-2689,

p. 5, n.4 (approving rates between $715 and $1,150 per hour and finding it reasonable to expend approximately 1,800 hours through trial); Exhibit B, February 21, 2024, fee decision and order in *French, et al. v. City of Los Angeles, et al.*, EDcv20-0516JGB, p. 5 (finding attorneys reasonably billing $600-$1,100 per hour had reasonably expended approximately 1,800 hours through trial.)

19. While this was a relatively simply case with only $500 in actual damages, it is my understanding that the jury fixed $3,500 in punitive damages in this case, showing that it was litigation of particular societal importance. It is my professional opinion that the total amount billed through trial by plaintiff's attorneys, as well as the hourly rates billed, are, in total, not only reasonable and consistent with the Wisconsin market, it evinces attorneys who have litigated this case just about as skillfully, efficiently, and judiciously as reasonably professionally possible.

**CERTIFICATION**

I, Andrea Farrell, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements are true and correct.

I have executed this Declaration on the 23rd of June, 2025.

/s/ Andrea J. Farrell

_____

Andrea J. Farrell