**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| BRIAN PFALZGRAF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 23-cv-877 |
| v. | ) | |
| | ) | Judge James D. Patterson |
| BEN REISNER and | ) | |
| RUSK COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>DECLARATION OF BEN H. ELSON</u>

Ben H. Elson, pursuant to 28 U.S.C. § 1746, states the following:

1.      I am an attorney licensed to practice before the United States Supreme Court, the

Illinois Supreme Court, the Wisconsin Supreme Court, the Seventh Circuit Court of Appeals, the

Fourth Circuit Court of Appeals, and the United States District Courts for the Northern, Central

and Southern Districts of Illinois, the Eastern and Western Districts of Wisconsin, and the

Eastern District of Arkansas. I have been an attorney with the People's Law Office in Chicago,

Illinois, since 2005, and I have been a partner since 2010.

2.      I graduated from the University of Wisconsin-Madison in 2002 with a Bachelor of

Arts degree in philosophy. I graduated from the University of Wisconsin Law School in 2005

with a Juris Doctor.

3.      Both as a law student and as a practicing attorney, from 2002 to the present, I

have focused almost exclusively on § 1983 police misconduct, prisoners' rights and other civil

rights litigation. From 2002 to 2004, I clerked for the Jeff Scott Olson Law Firm in Madison,

Wisconsin, assisting with litigation on police misconduct, prisoners' rights and employment

discrimination cases. In 2004, I was an Ella Baker intern at the Center for Constitutional Rights

in New York City, where I assisted with constitutional litigation on international human rights

cases. Since joining the People's Law Office in 2005, my practice has been focused in the area of

civil rights police misconduct and prisoners' rights litigation and criminal defense.

4.      During my 20-year career as an attorney I have litigated numerous civil rights and

post-conviction criminal cases, including the following:

- *Wilber v. City of Milwaukee, et al.*, No. 23-cv-951 (E.D. Wis.). $6,960,000 settlement in wrongful conviction case against Milwaukee police detectives.

- *Estate of Joseph Lopez v. City of Greensboro, et al.*, No. 22-cv-0421 (M.D.N.C.). $1,750,000 settlement in police shooting death case.

- *Bailey v. City of Chicago, et al.*, No. 19-cv-197 (N.D. Ill.). $8,000,000 settlement in wrongful conviction case against members of the Chicago Police Department and the City of Chicago based upon allegations that the officers tortured the plaintiff into confessing to a crime he did not commit.

- *Estate of Marcus Deon Smith v. City of Greensboro, et al.*, No. 19-cv-386 (M.D.N.C.). $2,570,000 settlement in positional asphyxia death case against the City of Greensboro and members of the Greensboro Police Department who hogtied Marcus Smith until he stopped breathing and against two County paramedics who failed to provide medical assistance.

- *Smith v. City of Chicago, et al.*, No. 16-cv-3404 (N.D. Ill.). $5,550,000 settlement in wrongful conviction case against members of the Chicago Police Department, including Commander Jon Burge, the City of Chicago, and a Cook County State's Attorney based upon allegations that the officers tortured the plaintiff into confessing to a crime he did not commit.

- *Burnley v. Village of Shorewood, et al.*, No. 19-cv-364 (E.D. Wis.). $1,725,000 settlement in non-fatal police shooting case against Village of Brown Deer police officers and the Village of Brown Deer.

- *Biami, et al., v. City of Milwaukee, et al.*, No. 13-cv-771 (E.D. Wis.). $5,000,000 settlement in multi-plaintiff case involving illegal strip and body cavity searches of Black men by a group of Milwaukee police officers.

- *Estate of Derek Williams v. City of Milwaukee, et al.*, No. 16-cv-869 (E.D. Wis.). $2,050,000 settlement in death case against the City of Milwaukee and Milwaukee Police Department officers who refused to provide Derek Williams with medical assistance while he suffocated to death in the back of a squad car.

- *Whirl v. City of Chicago, et al.*, No. 16-cv-2557 (N.D. Ill.). $4,000,000 settlement in wrongful conviction case against members of the Chicago Police Department and the City of Chicago based upon allegations that the officers tortured the plaintiff into confessing to a crime he did not commit.

- *Ellison v. Lesher, et al.*, No. 11-cv-752 (E.D. Ark.). $1,900,000 settlement in police shooting death case against Little Rock, Arkansas police officers.

- *Avery v. City of Milwaukee, et al.*, No. 11-cv-408 (E.D. Wis.). Trial counsel, $1,000,000 verdict, plus $987,000 attorneys' fees, in wrongful conviction case against the City of Milwaukee and Milwaukee police detectives.

- *Kitchen v. Burge, et al.*, No. 10 C 4093 (N.D. Ill.). $6,850,000 settlement in wrongful conviction case against members of the Chicago Police Department, including Commander Jon Burge, the City of Chicago, and an Assistant Cook County State's Attorney based upon allegations that the officers tortured the plaintiff into confessing to a crime he did not commit.

- *Tillman v. Burge, et al.*, No. 10 C 4551 (N.D. Ill.). $5,975,000 settlement in wrongful conviction case against members of the Chicago Police Department, including Commander Jon Burge, the City of Chicago, and Cook County State's Attorney Richard M. Daley based upon allegations that the officers tortured the plaintiff into confessing to a crime he did not commit.

- *Steidl v. City of Paris, et al.*, No. 05 C 2127 (C.D. Ill.). $6,000,000 settlement in wrongful conviction case against City of Paris Police officers, Illinois State Police officers, and a former Edgar County State's Attorney in wrongful case.

- *Orange v. Burge, et al.*, No. 04 C 0168 (N.D. Ill.). $6,000,000 settlement in wrongful conviction case against members of the Chicago Police Department, including a Commander, the City of Chicago, and a Cook County State's Attorney based upon allegations that the officers tortured a criminal defendant into confessing to a crime he did not commit.

- *Berghammer v. City of Madison, et al.*, No. 23-cv-0679 (W.D. Wis.). $850,000 settlement for autistic man who was subjected to excessive force by a City of Madison police K9 officer.

- *Jackson v. City of Joliet*, No. 13 C 5017 (N.D. Ill.). $695,000 settlement, including attorneys' fees, for a Black woman who was beaten by a Joliet police officer.

- *Moore v. Smith, et al.*, No. 07 C 5908 (N.D. Ill.). $605,000 settlement, including attorneys' fees, for two minor children who were beaten and falsely arrested by an off-duty Chicago police officer.

- *Delgado v. Mak, et al.*, No. 06 C 3757 (N.D. Ill.). Trial counsel, $400,000 jury verdict and attorneys' fee award in excessive force and false arrest case against Cook County Deputy Sheriffs.

- *Boyd v. City of Chicago, et al.*, No. 24-cv-6121 (N.D. Ill.). $280,000 settlement for Black woman beaten by Chicago police during 2020 George Floyd protests.

- *Bryant v. Lenti, et al.*, No. 11 C 1321 (N.D. Ill.). Trial counsel, $250,000 settlement following a jury verdict in favor of plaintiff in excessive force, false arrest and malicious prosecution case against Cook County Deputy Sheriffs.

- *Kalven v. City of Chicago*, 2014 IL App (1st) 121846. Co-wrote summary judgment briefs and briefs on appeal in a Freedom of Information Act lawsuit against the City of Chicago which resulted in a seminal decision from the Illinois Appellate Court establishing that police misconduct complaints and their investigations are public information under Illinois FOIA and can no longer be kept secret by the Chicago Police Department.

- *Rosales v. City of Milwaukee, at al.*, No. 19-cv-128 (E.D. Wis.). $160,000 settlement in excessive force case against Milwaukee police officers.

- *Salgado v. City of Chicago, et al.*, No. 12 C 516 (N.D. Ill.). $160,000 settlement in excessive force and false arrest case against Chicago police officers.

- *Beach v. Debois, et al.*, No. 09 C 6688 (N.D. Ill.). Six figure settlement (specific amount confidential) in § 1983 unlawful search and seizure case against City of Markham police officers who raided clients' home without a warrant or just cause.

- *Benson v. Meisner, et al.*, No. 18-cv-538 (E.D. Wis.). $110,000 settlement in First Amendment retaliation case against Wisconsin Department of Corrections officers.

- *Barnett v. Goldsmith, et al.*, No. 20-cv-298 (W.D. Wis.). $105,000 settlement in excessive force case against Wisconsin Department of Corrections officers.

- *Stamps v. City of Chicago, et al.*, No. 08 C 2196 (N.D. Ill.). $100,000 settlement after obtaining summary judgment against the defendants in § 1983 unlawful search and seizure case against City of Chicago police officers who raided clients' home.

- *Davis v. Fenimore, et al.*, No. 09 C 309 (N.D. Ill.). Substantial settlement (specific amount confidential) in § 1983 false arrest and excessive force case against City of Chicago Heights police officers.

- *Brown v. City of Chicago, et al.*, No. 09 C 6506 (N.D. Ill.). $95,000 settlement in false arrest and excessive force case against Chicago police officers.

- *Johnson v. Smith, et al.*, No. 07 C 1562 (N.D. Ill.). Trial counsel, $75,000 settlement following hung jury in false arrest and excessive force case against Chicago police who tasered and beat client.

- *People v. Alonzo Smith*, No. 83 CR 769 (Cook County). Filed post-conviction petition for Alonzo Smith on the basis of police torture and innocence. In 2015 the petition was granted, his criminal conviction for double murder was vacated and the charges were dismissed, and Smith was later granted a certificate of innocence by the Circuit Court of Cook County.

- *People v. Shawn Whirl*, No. 90 CR 12036 (Cook County). Filed post-conviction petition for Shawn Whirl on the basis of police torture and innocence. In 2013 the petition was dismissed, in 2015, the Illinois Appellate Court reversed the dismissal and Whirl was freed after serving 25 years in prison for murder.

- *People v. Michael Tillman*, Nos. 86-10969, 92-27711 (Cook County). Filed post-conviction petition for Michael Tillman on the basis of police torture and innocence. In 2010 the petition was granted, his criminal conviction for murder was vacated and the charges were dismissed, Tillman was freed after serving 23½ years in prison, and he was later granted a certificate of innocence by the Circuit Court of Cook County.

- *People v. Earl Johnson*, No. 07-1797 (Illinois Appellate Court, 1st District). Obtained outright reversal of client's resisting arrest conviction in criminal appeal.

5.      I have handled and assisted in numerous civil rights suits in addition to those listed above during the past 20 years, including:  *Kasper v. City of Chicago, et al.*, No. 22-cv-3563 (N.D. Ill.) $75,000 settlement in excessive force and first amendment case; *Harrington v. Village of Bellwood, et al.*, No. 09 C 1569 (N.D. Ill.) substantial settlement (specific amount confidential) in § 1983 false arrest and excessive force case against Village of Bellwood police officers; *Skupiewski v. City of Berwyn, et al.*, No. 07 C 3657 (N.D. Ill.) substantial settlement (specific amount confidential) in false arrest and excessive force case against City of Berwyn police officers; *Bradley v. City of Chicago*, No. 06 C 612 (N.D. Ill.) $65,000 settlement in excessive force case against City of Chicago police officers; *Purdiman v. Cook County, et al.*, No. 06 C 6611(N.D. Ill.) $50,000 settlement in excessive force case against Cook County Jail correctional officers; *Rivera v. City of Chicago*, No. 05 C 3646 (N.D. Ill.) $37,000 settlement in

30 minute false arrest; *Canchola v. Village of Lombard, et al.*, No. 07 C 5598 (N.D. Ill.) substantial settlement (specific amount confidential) in false imprisonment and unconstitutional strip search case against a Village of Lombard police officer and two shopping mall security guards.

6.      I have participated in a number of appeals in civil rights cases including: *Estate of Joseph Lopez v. Hamilton*, No. 23-1832 before the Fourth Circuit Court of Appeals (briefed); *Estate of Derek Williams v. Cline, et al.*, No. 17-2603 before the Seventh Circuit Court of Appeals (briefed and argued); *Steidl v. Fermon*, No. 06-2017, before the Seventh Circuit Court of Appeals (briefed); *Whitlock and Steidl v. Brueggemann*, No. 11-1059, before the Seventh Circuit Court of Appeals (briefed); *Cannon v. Burge*, No. 12-1529, before the Seventh Circuit Court of Appeals (briefed); *Ellison v. Lesher*, No. 13-3371, before the Eighth Circuit Court of Appeals (briefed); *Kalven v. City of Chicago*, Nos. 12-1846 & 12-1917, before the Illinois Appellate Court (briefed); and *People v. Shawn Whirl*, Nos. 1-11-148 & 1-14-0801, before the Illinois Appellate Court (briefed).

7.      Since 2007, I have served on the editorial board of the *Police Misconduct and Civil Rights Law Report* (Thomson West) and have written numerous published articles on issues related to §1983 litigation including: *Listing of Settlements and Verdicts in Wrongful Conviction and Police Shooting Cases*, Police Misconduct and Civil Rights Law Report, Vol. 14, No. 6; *$1.725 Million Settlement in Non-Fatal Police Shooting Case*, Police Misconduct and Civil Rights Law Report, Vol. 13, No. 2; *Case Update: Sloley v. VanBramer,* Police Misconduct and Civil Rights Law Report, Vol. 12, No. 18; *Qualified Immunity: The Past, The Present and What Can Be Done to Fight It,* Police Misconduct and Civil Rights Law Report, Vol. 12, No. 9; *Supreme Court Deals Another Blow to Prisoner's Rights*, Police Misconduct and Civil Rights

Law Report, Vol. 12, No. 8; *Supreme Court to Decide Important § 1983 Malicious Prosecution Case,* Police Misconduct and Civil Rights Law Report, Vol. 11, No. 18; *U.S. Department of Justice Issues Scathing Report on Cleveland Police Department*, Police Misconduct and Civil Rights Law Report, Vol. 11, No. 7; *Attorney for Police Shooting Victims Seeks DOJ Pattern and Practice Investigation of the Little Rock Police Department*, Police Misconduct and Civil Rights Law Report, Vol. 11, No. 6; *Case Update: Petty v. City of Chicago*, Police Misconduct and Civil Rights Law Report, Vol. 11, No. 4; *Illinois Appellate Court Rules that Police Misconduct Complaints are Public*, Police Misconduct and Civil Rights Law Report, Vol. 11, No. 3; *The Assassination of Fred Hampton: 40 Years Later,* Police Misconduct and Civil Rights Law Report, Vol. 9, No. 12; *Wallace v. Kato: Heck and Albright Re-Visited*, (Taylor and Elson), Police Misconduct and Civil Rights Law Report, Vol. 8, No. 14, March/April 2007 Reprinted in Civil Rights Litigation and Attorney Fees Annual Handbook, (Published by Thompson West), Volume 23, 2007; *Case Update: Butler v. Compton and Skop v. City of Atlanta*, Police Misconduct and Civil Rights Law Report, Vol. 8, No. 15, May/June 2007; *Unanimous Supreme Court Deals Dual Blows to Police Misconduct Litigators*, (Taylor and Elson), Police Misconduct and Civil Rights Law Report, Vol. 9, No. 8, March/April 2009; *Case Updates: Best v. City of Portland and Reynolds v. United States*, Police Misconduct and Civil Rights Law Report, Vol. 9, No. 8, March/April 2009; *Supreme Court Review 2008-2009 Term*, (Taylor and Elson), Police Misconduct and Civil Rights Law Report, Vol. 9, No. 11, September/October 2009; *Case Update: Fox v. Hayes*, Police Misconduct and Civil Rights Law Report, Vol. 9, No. 15, May/June 2010; *Case Update: Bravo v. Santa Maria*, Police Misconduct and Civil Rights Law Report, Vol. 10, No. 7, January/February 2012.

8.      In 2017 I gave a presentation for the State Board of Wisconsin titled *Section 1983 Litigation: From Arrest to Release: Wrongful Conviction Claims*.

9.      From 2016 to 2024, I was on the Board of Directors of the National Police Accountability Project (NPAP), a non-profit organization with over 600 members created to protect the human and civil rights of individuals in their encounters with law enforcement officers and their employers for violations of the Constitution and the law of the United States.

10.      I have been named a *Super Lawyer* (Illinois) in the practice area of civil rights for the years 2021 to 2025, and a Rising Star by *Super Lawyers* (Illinois) in the practice area of civil rights for the years 2012 to 2019. In 2016, I received the Arthur Kinoy People's Law Award form the National Lawyers Guild "In recognition of [my] crucial contribution to the cause of justice by helping break through the code of secrecy surrounding official misconduct by Chicago police officers."

11.      In 2009, in the civil rights case *Delgado v. Mak*, 2009 U.S. Dist. LEXIS 6287, at *3 (N.D. Ill. Jan. 29, 2009), I sought attorneys' fees, following a jury verdict, at a rate of $200 per hour, which was not contested by the defendants, and approved by the Court. In 2012, in the civil rights case *Bryant v. Lenti, et al.*, No. 11-cv-1321 (N.D. Ill.), I sought attorneys' fees, following a jury verdict, at a rate of $285 per hour, which was not contested by the defendants when the case was settled post-trial. In 2015, in the civil rights case *Avery v. City of Milwaukee, et al.*, No. 11-cv-408 (E.D. Wis.), I sought attorneys' fees, following a jury verdict, at a rate of $350 per hour, which was not contested by the Defendants when the case was settled while the fee petition was pending. In 2024, I was retained by two defendants in a civil case, *Parizer, et al. v. AJP Educational Foundation, et al.*, No. 24-cv-724 (E.D. Va.), and have billed and been paid $500 per hour for my services in that case.

12.     My current hourly billing rate for which I bill in contingency cases unless a percentage of the recovery is received is $550 per hour. This rate is in line with awards of attorneys' fees made to attorneys of similar skill, reputation and experience in the courts in which I practice.

13.     I am personally familiar with the qualifications of Plaintiff's counsel John Bradley, Rick Resch and James Odell, and the reputation of their office, Strang Bradley, LLC. I have co-counseled with Mr. Bradley on a case, consulted on numerous cases with Mr. Bradley, Mr. Resch and Mr. Odell, discussed law and litigation strategies with Mr. Bradley and his associates on a regular basis for over five years, and have reviewed pleadings, briefs and other documents they have drafted. Mr. Bradley, Mr. Resch and Mr. Odell are phenomenal lawyers whose skill and professionalism is outcome determinative in litigation and at trial.

14.     I am familiar with the above-entitled cause and the work expended by Plaintiff's counsel in this case. I have reviewed several of the key documents in this case, including the complaint, and certain briefs and orders, and have discussed this case with Plaintiff's counsel. I have reviewed all of the Plaintiff's invoices (both billed and unbilled), which include the date and amount of time each attorney spent working on individual tasks throughout the case and a brief description of the work.

15.     I understand that Plaintiff's attorneys are seeking the following rates and have made a claim for the following hours: John Bradley (44.75 hours at $465/hour); James Odell (11.25 hours at $450/hour); Rick Resch (54.75 hours at $410/hour); William Grau (56.75 hours at $390/hour).

16.     Based on my experience and knowledge of the hourly rates awarded to and charged by attorneys who litigate civil rights cases in this and other markets, it is my opinion that

9

the rates sought by the lawyers serving as Plaintiff's counsel in this case are well within the range of hourly rates for civil rights attorneys of similar skill, reputation and ability in the relevant community, *i.e.*, southern Wisconsin civil rights lawyers.

17. It is also my opinion that the number of hours expended by Plaintiff's counsel in this case is reasonable given the nature and scope of the case as a whole and with respect to individual tasks. My understanding is that the Defendants did not make a reasonable settlement offer until a week before trial, which forced Plaintiff's counsel to devote the necessary time and resources to properly prepare the case for trial. This included conducting discovery and litigating cross-motions for summary judgment and pre-trial motions. The amount of time spent litigating summary judgment—between 40-45 hours—is in my opinion more than reasonable and is consistent with my own experience litigating summary judgment motions in similar less complex cases. The time expended between the summary judgment order and through the trial— approximately 120 hours—is also more than reasonable in my opinion, and, again, is consistent with my own experience trying similar less complex cases. Indeed, Plaintiff's counsel appears to have worked with a high degree of efficiency in this case.

18. The purpose of enacting 42 U.S.C. § 1988 was to incentivize attorneys to represent people with legitimate civil rights violations, despite the obvious contingent risk that such inherently difficult cases present, especially in "small cases" where the potential monetary recovery is limited. Plaintiff's counsel undertook this case notwithstanding the realistic prospect that they would recover nothing for their substantial labor and financial investment. They aggressively litigated this case, investing the necessary time and money to obtain a significant victory—the vindication of their client's civil rights and a compensatory and punitive damages award. In my opinion they should be entitled to recover their full lodestar.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.


Dated: June 26, 2025                                /s/ Ben H. Elson
                                                    Ben H. Elson