IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN PFALZGRAF,

                        Plaintiff,

  v.                                            OPINION and ORDER

BEN REISNER and RUSK COUNTY,                        23-cv-877-jdp

                        Defendants.

---

Plaintiff Brian Pfalzgraf prevailed on summary judgment on two claims that he was detained and searched in violation of the Fourth Amendment. After a trial, a jury awarded $500 in compensatory damages and $3,500 in punitive damages. Pfalzgraf now moves for an award of attorney fees of $84,690.00 and costs of $1,038.35. Dkt. 78. Defendants concede that Pfalzgraf is the prevailing party, that he is entitled to his reasonable attorney fees and costs under 42 U.S.C. § 1988, that counsel's billing rates are reasonable, and that the costs are reasonable. But defendants contend that the amount of fees is unreasonable. Dkt. 88.

Pfalzgraf's counsel has submitted a well-supported fee petition that fully complies with the court's instructions on fee petitions. *See* attachment to Dkt. 9, at 39. Counsel submitted contemporaneous billing records (Dkt. 79-8); provided evidentiary support for the billing rates (Dkt. 83, 84, 85); exercised billing judgment to excise redundancies and inefficiencies (Dkt. 79-9); and eliminated fees and expenses for the withdrawn third claim (*Id*.; Dkt. 79-11). This is, frankly, a model fee presentation. But that does not make it impervious to criticism, so the court addresses the main points raised by defendants.

### 1. Pfalzgraf achieved only limited success

Degree of success is one factor a court may consider in assessing the reasonableness of the time counsel spent on the case. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *Montanez v. Simon,* 755 F.3d 547, 557 (7th Cir. 2014). This was a small case, in the sense that it involved a clear-cut but relatively modest infringement of plaintiff's Fourth Amendment rights that imposed only a modest injury and resulted in a similarly modest damages award. But the court may not reduce a fee award simply because the damages exceed the fees, even if the difference is substantial. *See City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986). The court must also consider the importance of the rights vindicated by the verdict and whether counsel's time was reasonably necessary to achieve the favorable result. *Anderson v. AB Painting and Sandblasting Inc.*, 578 F.3d 542, 545–47 (7th Cir. 2009); *Orth v. Wisconsin State Employees Union Counsel 24*, 546 F.3d 868, 875 (7th Cir. 2008). "Fee-shifting would not discourage petty tyranny if attorney's fees were capped or measured by the amount in controversy." *Anderson*, 578 F.3d at 545.

In this case, Pfalzgraf's rights are important ones, and cases like this provide one of the only brakes on the power and discretion of law enforcement officers to detain and search citizens. The award of punitive damages was small, but it sends an important message.

If this case had been profligately litigated, the court would be open to the argument that the attorney fee tail was wagging the substantive dog. But that's not the case here. The court's overall review of Pfalzgraf's billing records shows the normal kind and amount of work for a case that went through cross-motions for summary judgment and a short jury trial. Attorneys Bradley and Grau each spent the equivalent of a couple of full days in preparation

2

for trial, which in the court's experience and judgment is well within the bounds of reasonable and efficient litigation.

Pfalzgraf made the case more efficient by voluntarily dismissing his third claim before trial. That claim was not without merit—at summary judgment the court held that it depended on disputed facts. But pressing the claim through trial would have involved a lot of additional proof; dropping it saved time and effort for everyone involved.

The court will not discount Pfalzgraf's fee request because of the amount of damages he won.

2. **Block billing and billing by quarter hour**

Defendants are correct that block billing and billing by the quarter hour are practices that prompt close review. But in this case, the court doesn't see any systematic problem.

The block billing examples cited by defendants, Dkt. 88 at 10, are not problematic for two reasons. First, most of the blocks are small ones. If a single entry has two or three discreet tasks that take less than an hour, it doesn't pose a grave threat to the overall fairness of the fee request. Second, many of the putative block-billed entries include closely related tasks that represent components of a single, larger task. The bigger blocks are for trial preparation, where Bradley or Grau spent a major part of a day getting ready for trial. None of this has frustrated the court's review of counsel's work.

Quarter-hour billing raises the possibility that some tasks that take a couple of minutes get rounded up to a billing entry that might cost $100 or more. For example:

> 03/05/2024 - Kate McCarthy: Email scheduling order to Brian.
> 0.25  $47.50

Dkt. 88 at 13. Emailing a scheduling order shouldn't take 15 minutes, at least not unless the email contains some additional explanation and guidance. But defendants don't point out

3

many examples like this, so the court will not reduce the fee award for such minor issues. The goal of the court's review of a fee request is overall fairness, not accounting perfection.

### 3. Time on the dismissed claim

Pfalzgraf's counsel reduced the request to eliminate time and expenses devoted specifically to the withdrawn third claim. Defendants also ask the court to make across-the-board reduction on tasks that were pertinent to all three claims, on the theory that the third claim was most significant. For reasons explained by Pfalzgraf, Dkt. 92 at 3, the third claim was not the ground for the most significant damages. The court declines to make any across-the-board deduction for time spent on the third claim because counsel has already adequately accounted for that.

### 4. Vague, unnecessary, and excessive time

Defendants have not pointed out any significant vague, unnecessary, excessive, or duplicate entries. The court will cite just two examples to illustrate why it is not persuaded by defendants' objections. Defendants point out duplicate entries on May 21, 2025: Bradley and Grau have nearly identical entries for attending the final pretrial conference. But they both attended the final pretrial conference, just as defendants had attorneys Stadler and Sack at the conference.

Defendants object to intraoffice conferences, which often involve attorneys other than Bradley and Grau. Delegation of litigation tasks to others is sometimes a necessity, and often an efficiency, but it cannot be accomplished without communication. The intraoffice conferences are not excessive.

### 5. Time on the fee petition

Defendants contend that time on the fee petition was excessive. Pfalzgraf's counsel attempted to reach agreement on the amount of fees. But that effort was unsuccessful, so counsel had to prepare a full, well-supported fee petition. The time spent on the petition, 22.25 hours, is reasonable. After all, it had to be robust enough to withstand the 20 pages of objections that defendants came back with.

### ORDER

IT IS ORDERED that:

1. Plaintiff's motion for attorney fees and costs, Dkt. 77, is GRANTED.

2. The clerk of court is directed to tax costs in the amount of $1,038.35 as provided in Dkt. 79-10.

Entered August 28 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge